1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    CENTRAL DISTRICT OF CALIFORNIA

10

11

12   NINA M.,[1]                                   Case No. 2:19-cv-0703-GJS

13                    Plaintiff

14            v.                                    **MEMORANDUM OPINION AND
                                                    ORDER**
15   ANDREW M. SAUL, Commissioner
     of Social Security,[2]

16
                      Defendant.
17

18

19                        **I.    PROCEDURAL HISTORY**

20            Plaintiff Nina M. ("Plaintiff") filed a complaint seeking review of the

21   decision of the Commissioner of Social Security denying her application for

22   Disability Insurance Benefits ("DIB").  The parties filed consents to proceed before

23   the undersigned United States Magistrate Judge [Dkts. 9 and 10] and briefs

24   addressing disputed issues in the case [Dkt. 16 ("Pl. Br."), Dkt. 23 ("Def. Br."), Dkt.

25   _____

26   [1]      In the interest of privacy, this Order uses only the first name and the initial of
     the last name of the non-governmental party.
27
     [2]      Andrew M. Saul, now Commissioner of the Social Security Administration, is
28   substituted as defendant for Nancy A. Berryhill.  *See* Fed. R. Civ. P. 25(d).

24 ("Reply Br.")].  The matter is now ready for decision.  For the reasons discussed

below, the Court finds that this matter should be remanded for further proceedings.

## II.    ADMINISTRATIVE DECISION UNDER REVIEW

On September 30, 2016, Plaintiff, a military veteran, applied for DIB, alleging disability, due to post traumatic stress disorder, anxiety, pain in her back, knees and shoulder and irritable bowel syndrome.  [AR 22-23.]  Plaintiff's application was denied initially, on reconsideration, and after a hearing before Administrative Law Judge ("ALJ") Susan Hoffman.  [AR 1-6, 20-30.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled.  *See* 20 C.F.R. §§ 416.920(b)-(g)(1).  At step one, the ALJ determined that although Plaintiff had engaged in some work after the alleged disability onset date, that work did not rise to the level of substantial gainful activity and therefore Plaintiff had not engaged in substantial gainful activity since March 12, 2016, the alleged onset date.  [AR 22.].  At step two, the ALJ found that Plaintiff suffered from degenerative disc disease of the lumbar spine, osteoarthritis of the knees and degenerative joint disease bilateral sacroiliac.  [AR 23.]  The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [AR 25.]

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work except she must have the ability to shift positions as needed.  [AR 25-26.]  Applying this RFC, the ALJ found at step four that Plaintiff could perform her past relevant work as a radiographer and medical assistant and thus she is not disabled.  [AR 29].  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  [AR 1-6.]  This appeal followed.

Plaintiff now raises the following issues challenging the ALJ's findings and determination of non-disability: (1) the ALJ erroneously failed to assign great

weight to Plaintiff's VA rating; (2) the ALJ failed to evaluate Plaintiff's subjective symptom testimony; and (3) the ALJ failed to account for all of her physical and mental impairments at Step Two.[3]

## III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.   DISCUSSION

### A.   The ALJ Erred in Assessing Plaintiff's VA Disability Rating

In a Rating Decision dated January 14, 2015, the VA found Plaintiff entitled

---

[3]   Because the Court reverses and remands as to the VA disability rating issue, the Court does not address Plaintiff's other arguments.

to a 60% overall VA disability rating for post-traumatic stress disorder (50%), lumbar strain (20%), and migraines (10%). [AR 360-361.] On January 19, 2018, the VA issued a Rating Decision increasing Plaintiff's disability rating to a combined 100% for Plaintiff's service connected disabilities. (Dkt. 1-1 at 2.) While the January 19, 2018 Rating Decision was attached to the Complaint, it was not provided to the ALJ or submitted to the Appeals Council. Plaintiff did, however, testify about her 100% VA disability rating during the administrative hearing before the ALJ.[4] [AR 73-74.] Plaintiff contends that substantial evidence does not support the ALJ's decision because the ALJ accorded no perceptible weight to either of the VA's disability determinations. [Pl. Br. at 3-5.]

Although a determination by the VA that a claimant is disabled is not binding on the Social Security Administration ("SSA"), an ALJ must consider that determination in reaching her decision. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504 (stating that a determination made by another agency that a claimant is disabled is not binding on the SSA). A VA rating is not conclusive, however. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). An ALJ must give great weight to a VA disability determination, but he may give less weight if he "gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1076.

In both *McCartey* and *McLeod* the ALJ failed to mention the claimants' VA disability ratings. In both cases, the Ninth Circuit reversed the district court decision affirming the denial of Social Security benefits. However, "[s]imply mentioning the existence of a VA rating is not enough." *Luther v. Berryhill*, 891 F.3d 872, 877 (9th Cir. 2018). In *Luther*, another case involving the evaluation of a

---

[4]     Given the remand here based on the ALJ's failure to properly weigh the 2015 VA rating, the Court does not reach the question of whether Plaintiff's 2018 VA rating is new and material evidence that this Court should consider. 42 U.S.C. § 405(g).

4

VA disability rating, the Ninth Circuit held that "[t]he ALJ erred because she did not give great weight to the VA disability rating and did not provide any persuasive, specific, and valid reasons for rejecting it." *Id.*

Here, it is undisputed that the ALJ made only passing reference to the 2015 VA rating included in the administrative record.  The ALJ addressed the VA rating as follows:

> The undersigned has also read and considered the Department of Veteran Affairs (VA) Rating Decision dated January 14, 2015.  In the Ninth Circuit, because the VA and Social Security Administration (SSA) disability programs are similar, an Administrative Law Judge must ordinarily give great weight to a VA determination of disability (*McCartey v. Massanari*, 298 F.3d 1072 (9th Cir. 2002)).  However, because the VA and SSA criteria for determining disability are not identical, an Administrative Law Judge may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.

[AR 28.]

The ALJ does not make any other reference to the VA rating in the decision. Thus, in its current state, the ALJ's decision provides no indication of what weight the ALJ gave the VA disability rating.  This error is particularly troubling given the Ninth Circuit's repeated direction – and the ALJ's acknowledgement of this direction – that the ALJ give "great weight" to the VA disability rating.  *Id.*  Without any express mention of the weight given to Plaintiff's VA rating, the actual standard by which it was being evaluated, or inclusion of any specific reasons for giving less than great weight to her rating, it is impossible to conclude that the ALJ adequately analyzed the rating and applied the proper weight. Affirmation of the ALJ's decision would therefore require the Court to improperly speculate about the basis for the ALJ's conclusion of non-disability. *See Hamblin v. Astrue*, 2009 WL 113858, at *2 (C.D. Cal. Jan. 14, 2009) (stating that "[t]he Ninth Circuit has made clear what is required to discount a VA rating—silently, or impliedly, rejecting it does not meet

5

1    this standard").

2        The Commissioner nevertheless contends that the decision should be affirmed

3    because the 2015 VA Disability Rating is largely consistent with the ALJ's RFC

4    finding and ultimate conclusion that Plaintiff was not disabled.  However, the Court

5    cannot agree with the Commissioner's position.  Instead of providing any

6    persuasive, specific, or valid reasons for discounting the VA's rating, the ALJ

7    perfunctorily concluded that the rating was based on a different approach without

8    any further explanation of the weight given (if any) to the VA rating.  The fact that

9    the VA ratings are based on a different approach than that taken by the SSA is

10   already taken into account by the case law, in that the SSA is not *required* to adopt

11   them.  Thus, the ALJ's explanation here does not constitute or qualify as the

12   "persuasive, specific, valid reasons" demanded by the case law, nor does it

13   meaningfully allow for judicial review.  *See Valentine v. Commissioner* Social Sec.

14   Admin., 574 F.3d 685, 695 (9th Cir. 2009) ("Insofar as the ALJ distinguished the

15   VA's disability rating on the general ground that the VA and SSA disability

16   inquiries are different, her analysis fell afoul of *McCartey*.").  Much more specific

17   reasoning was necessary, especially considering that Plaintiff was assigned (at

18   minimum) a 50% disability rating based on PTSD, an impairment that the ALJ

19   failed to find severe.  *See Cole v. Colvin*, No. CV 13-06592-DFM, 2014 WL

20   3101464 (C.D. Cal. July 7, 2014) (remanding case where ALJ failed to address and

21   reject claimant's 10% disability rating for persuasive and specific reasons.)

22        Finally, it cannot be said that the ALJ's error here was harmless.  *See Stout v.*

23   *Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("We

24   recognize harmless error applies in the Social Security context.").  Because the

25   Court cannot discern what, if any, weight was given to Plaintiff's disability rating,

26   the ALJ's omission of the reasons for the weight given to the VA rating cannot be

27   found to be "inconsequential to the ultimate nondisability determination," *Molina v.*

28   *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted), and, therefore

6

1   cannot be characterized as harmless.  Accordingly, remand is required for the ALJ

2   to set forth legally sufficient reasons for rejecting the determination of the VA, if the

3   ALJ determines that rejection is warranted.

4   **V.    CONCLUSION AND ORDER**

5          The decision of whether to remand for further proceedings or order an

6   immediate award of benefits is within the district court's discretion.  *Harman v.*

7   *Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  When no useful purpose would be

8   served by further administrative proceedings, or where the record has been fully

9   developed, it is appropriate to exercise this discretion to direct an immediate award

10  of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings

11  turns upon the likely utility of such proceedings").  But when there are outstanding

12  issues that must be resolved before a determination of disability can be made, and it

13  is not clear from the record the ALJ would be required to find the claimant disabled

14  if all the evidence were properly evaluated, remand is appropriate.  *Id.*

15         The Court finds that remand is appropriate because the circumstances of this

16  case suggest that further administrative review could possibly remedy the ALJ's

17  errors.  *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an

18  administrative determination, the proper course is remand for additional agency

19  investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r*

20  *of Soc. Sec. Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of

21  benefits is inappropriate where "there is conflicting evidence, and not all essential

22  factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81.  The Court offers

23  no opinion as to what the outcome of this matter should be after remand, when the

24  ALJ gives proper consideration to Plaintiff's VA rating and, if necessary, addresses

25  the other issues raised by Plaintiff that the Court did not review here.

26         For all of the foregoing reasons, **IT IS ORDERED** that:

27         (1)  the decision of the Commissioner is REVERSED and this matter

28                REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further

7

1     administrative proceedings consistent with this Memorandum Opinion and

2     Order; and

3     (2) Judgment be entered in favor of Plaintiff.

4

5     **IT IS SO ORDERED.**

6

7     DATED: June 16, 2020                          _____

8                                                   GAIL J. STANDISH
                                                    UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8